DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| FRANCIS B. SERIEUX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-0063 |
| | ) |
| GOVERNOR ALBERT BRYAN, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

**BEFORE THE COURT** is the report and recommendation of the Magistrate Judge. (ECF No. 3.) The Magistrate Judge recommends that the Court dismiss the complaint filed by Francis B. Serieux against Governor Albert Bryan, Jr. for failing to allege a basis for federal jurisdiction. Also before the Court is Francis B. Serieux's motion requesting an extension of time to object to the report and recommendation as well as to write in cursive (ECF No. 5).[1] For the reasons discussed below, the Court will deny the motion for an extension of time, adopt the report and recommendation, and dismiss the complaint in this matter.

### I. FACTUAL AND PROCEDURAL HISTORY.

On July 24, 2020, Francis B. Serieux ("Serieux"), proceeding *pro se*, filed a complaint against Virgin Islands Governor Albert Bryan, Jr. In his complaint, Serieux alleges that Bryan

---

[1] Additionally, before the Court is a pleading that the Court construes as Serieux's motion for the undersigned to recuse from each of his outstanding cases. Case No. 3:20-cv-0127, ECF No. 1. The basis Serieux articulates for this request is that the undersigned is "refusing to answer my motion for over a month + weeks," and that "even someone who doesn't know the law 'would know' your[sic] not suppose[sic] to take more than one lawsuit from the same individual." *Id*. at 1-2. For his inconvenience, Serieux further requests "Nine Hundred + Ninety Nine Squillion Dollar," as well as the freezing of the undersigned's bank account, properties, land, house, money, and items. *Id.*

Section 455 of Title 28 of the United States Code provides the criteria for a judge to disqualify himself from a matter. Section 455(a) requires a judge "to disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under section 455(a), the "[t]est . . . is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). Section 455(b) delineates several other circumstances – none of which apply to this case — wherein a judge must recuse himself. Even upon the most liberal reading of his pleading, Serieux has not articulated any legal basis for the undersigned's recusal. An independent review of this case, and all of the other cases filed by Serieux, this Court also does not discern a basis for recusal. Accordingly, Serieux's motion for recusal will be denied.

"violat[ed] the American laws & constitution [sic]" by "clos[ing] the courts on 6/9/20" when, ostensibly, they were "suppose [sic] to stay open." *See* Complaint at 2, ECF No. 1. Serieux further registers disagreement with the Government of the Virgin Islands' "promotion system." *Id.* Serieux seeks "Nine Hundred & Ninety Nine Squillion" dollars. *Id.*

On August 5, 2020, the Magistrate Judge enter a report and recommendation recommending that the Court dismiss the complaint for failing to allege a basis for federal jurisdiction. The same date, a copy of the report and recommendation was sent to Serieux by certified mail. *See* Hard Copy Notice at 1, ECF No. 4.

On August 18, 2020, Serieux filed a motion "asking the court to write in cursive not print." *See* Motion at 1, August 18, 2020, ECF No. 5. In that motion, Serieux requests an additional month to respond to the report and recommendation and "to correct [his] lawsuits." *Id.* Serieux asserts that an extension of time is warranted because he is waiting on new copies of his complaint from the Clerk's Office and fourteen days is not enough time to correct 24 cases.[2] *See id.*

## II.   DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing"), the 14-day time period within which a party may object to a magistrate judge' report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule

---

[2] Serieux references Case Number 3:20-cv-0052 and "23 other cases" as the 24 cases which he must "correct." *See* Motion at 1, August 18, 2020, ECF No. 5. At that time, there was a total of 18 complaints filed by Serieux including every case number from Case Number 3:20-cv-0050 through Case Number 3:20-cv-0069 except for Case Numbers 3:20-cv-0058 and 3:20-cv-0068. By last count, Serieux has filed 38 separate complaints, alleging all manner of misconduct and generally seeking the same remedy – 999 squillion dollars.

6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (explaining that when a party is served with a report and recommendation by mail, the period to file objections is 17 days). The time within which a party may make objections may be extended by the Court upon a timely motion for an extension of time demonstrating good cause for the extension. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend that time . . . if a request is made, before the original time . . . expires.").

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

Here, Serieux was served with a copy of the report and recommendation by mail on August 5, 2020. *See* Hard Copy Notice at 1, ECF No. 4. As such, the deadline for Serieux to file objections to the August 5, 2020 report and recommendation was August 24, 2020. Serieux has not filed any objections. Nevertheless, on August 18, 2020, Serieux did timely request an extension of time to make his objections.

"To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, DOT*, 503 F. App'x 683, 685 (11th Cir. 2013). "It is not enough for counsel to claim that s/he is too busy to meet the deadline . . . [r]ather, unforeseen or uncontrollable events . . . lie at the heart of the 'good

cause' requirement for additional time." *Joseph v. Hess Oil V.I. Corp.*, 651 F.3d 348, 355 (3d Cir. 2011) (interpreting good cause for an extension of time to appeal under 3d Cir. Local Appellate Rule 112.4(a)); *see also Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (explaining that good cause for an extension of time to appeal under Fed. R. App. P. 4(a)(5) "is usually occasioned by something that is not within the control of the movant").

Significantly, Serieux does not present any reasons to warrant an extension of time other than his assertions that he is waiting on new copies of his complaint from the Clerk's Office and that fourteen days is not enough time to correct his case. The Court finds that such circumstances do not constitute good cause. As such, the Court will deny Serieux's request for an extension of time to object to the August 5, 2020 report and recommendation. Accordingly, the Court will review the report and recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Russell*, 134 F.3d 171, 181 (3d Cir. 1998) (quoting *United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994)). "A 'plain' error is one that is 'clear' or 'obvious.' " *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364, 54 V.I. 882 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)).

Reviewing the record in this case and the August 5, 2020, report and recommendation for plain error, the Court finds no error, let alone plain error. Significantly, "[j]urisdiction in the federal courts is limited . . . and exists in only two circumstances: when a complaint asserts a cause of action under some provision of federal law . . . or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of costs and interest . . .." *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 930 (3d Cir. 2011) (citations omitted). Moreover, "[t]he basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." *Id.* This Court is unable to identify any cognizable claim under federal law from the face of Serieux's complaint. Nor is diverse citizenship apparent. As such, the Court will adopt the August 5, 2020 report and recommendation.

The premises considered, it is hereby

*Serieux v. Bryan*
Case Number 3:20-cv-0063
Order
Page 5 of 5

**ORDERED** that Francis Serieux's motion, ECF No. 5, for an extension of time to file objections to the August 5, 2020 Report and Recommendation of the Magistrate Judge is **DENIED**; it is further

**ORDERED** that the August 5, 2020 Report and Recommendation, ECF No. 3, is **ADOPTED**; it is further

**ORDERED** that Francis Serieux's complaint, ECF No. 1, is **DISMISSED**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case, and it is further

**ORDERED** that all pending motions are moot.

**Dated:** January 11, 2021                     */s/ Robert A. Molloy*
                                                  **ROBERT A. MOLLOY**
                                                  **District Judge**